HARRY MINCK et al., trustees, &c.,

*v.*

MARY JANE WALKER et al.

[Submitted September 16th, 1912. Determined October 23d, 1912.]

A bill by complainants as trustees under a void trust contained in a will, which bill sets forth the provisions of such trust, the acts done by the complainants in the performance thereof, whereby they realized certain moneys, and which bill seeks a settlement in this court of such a nature that proper allowances may be made to the complainants for their services and expenditures, and asks that the funds then remaining in their hands may be distributed by decree of this court amongst the persons entitled thereto, and that an injunction be issued restraining the testator's heirs-at-law from disturbing the grantees of the complainants by actions of ejectment or otherwise, exhibits no ground of equitable jurisdiction, and will be dismissed for want of equity, upon motion.

---

The bill discloses that Joshua W. Bishop, deceased, devised and bequeathed certain real and personal estate to complainants in trust, and that complainants, in the performance of the trust duties imposed by the will, in good faith sold and conveyed cer-

tain real estate so devised and in like manner conveyed certain other real estate in fulfillment of contracts made by testator in his lifetime, and also collected rents of other real estate covered by the trust provisions of the will. The provisions of the will which so devised and bequeathed the property to complainants in trust have since been by the supreme court of this state declared void because violative of the law against the creation of perpetuities. The moneys received by complainants as rents and proceeds of sale of real estate are still in complainants' hands, and complainants now by their bill seek a settlement in this court of such a nature that proper allowances may be made to them for their services and expenditures, and that the funds then remaining in their hands be distributed by decree of this court to the persons who are entitled to the same; an injunction is also sought to restrain the heirs-at-law from disturbing the grantees of complainants by actions of ejectment against them or otherwise. The heirs-at-law and administrator *cum testamento annexo* of testator and also the several grantees of complainants are made defendants. Motions are now made by the administrator *cum testamento annexo* of testator and by his heirs-at-law to dismiss the bill for want of equity and for other reasons specified in the motions.

*Mr. Charles I. Wooster,* for the complainants.

*Mr. Adam R. Sloan,* opposed.

LEAMING, V. C.

I am unable to discern any theory upon which the bill can be maintained. The conveyances made by complainants cannot vest a title in their grantees; as against the heirs-at-law these conveyances are clearly void. The heir or heirs-at-law to whom the real estate descended, as land of which testator died intestate, cannot be brought into this court to litigate their claim of title or possession of the land conveyed by complainants or their claims to the rents collected by complainants, nor can the grantees of complainants be brought into this court to here assert their claim against complainants for a return of the purchase-

money by them paid to complainants, unless some branch of
equitable jurisdiction can be found to enable complainants to
compel these defendants to submit to the adjudication of these
purely legal rights in this court. The bill calls complainants *de
facto* trustees and claims equitable jurisdiction by reason of the
analogy of a trusteeship; the motion to dismiss the bill calls
complainants executors *de son tort,* and claims that as such they
are entitled to no equitable relief. Complainants are neither *de
facto* trustees nor executors *de son tort.* There was no trustee-
ship, and there can be no *de facto* officer without a *de jure* office.
So far as the bill discloses, the only assets which complainants
have received were either real estate or its revenues; such assets
go to heirs; a person becomes an executor *de son tort* only when
intermeddling with assets which affect the administration. The
right of the grantees of complainant to come into a court of
equity in an effort to impress a trust upon the purchase-money
paid by them, if such right can be said to exist, affords no sup-
port to the present bill. Nor is the bill in form or substance a
bill of interpleader. Nor can the jurisdiction of this court over
the settlement of estates of deceased persons be here invoked;
such settlements belong primarily to another court, and the bill
does not seek such a settlement. It might serve convenience if
the heirs-at-law, administrator *cum testamento annexo* and the
grantees of complainant could be brought in and compelled to
submit to a decree directing the complainants to restore to the
several purchasers their purchase-money and to the heirs the
rents collected and to the administrator any personal assets
which complainants may have received, and directing the pur-
chasers to restore to the heirs the possession of the real estate
by them purchased and adjudicating and apportioning equitable
allowances for services performed and expenditures made by
complainants; but I find no warrant for the assumption of such
power or authority by this court, and no precedent has been cited
to sustain such a jurisdiction. The rights of the respective par-
ties are such that the remedies afforded by the law courts must
be deemed adequate, even though they may not be found entirely
convenient.

I will advise an order dismissing the bill.